# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LUIS A. RAMIREZ,**
        **Petitioner,**

    **v.**                                                       **Case No. 07-C-738**

**GREG GRAMS, Warden,**
**Columbia Correctional Institution,**
        **Respondent.**

## DECISION AND ORDER

On August 16, 2007, petitioner Luis Ramirez filed a petition pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his guilty plea entered in state court. Petitioner was convicted in Milwaukee County Circuit Court of armed robbery, as a party to the crime. He was sentenced to forty years imprisonment and is currently incarcerated at Columbia Correctional Institution. Petitioner has applied to proceed in forma pauperis and has also filed a motion to appoint counsel.

## I. IN FORMA PAUPERIS APPLICATION

Under § 1915, an indigent party may commence a federal court action, including a petition for habeas corpus relief, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. Nietzke v. Williams, 490 U.S. 319, 324 (1989).

Petitioner has filed the required affidavit of indigence. Upon review of that affidavit, the court is satisfied that petitioner is unable to pay the $5 filing fee. Petitioner attests that he has

no income or assets. Further, petitioner has only $5.83 in his prison trust account. As such, I will grant petitioner's application to proceed in forma pauperis.

## II. MOTION TO APPOINT COUNSEL

Although civil litigants do not have a constitutional or statutory right to counsel, the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding in forma pauperis. Wilson v. Duckworth, 716 F.2d 415, 418 (7th Cir. 1983); Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992).

In deciding whether to appoint counsel, the court must first determine whether the litigant has attempted to retain counsel himself. Jackson, 953 F.2d at 1072-73. If a litigant has made no effort to secure counsel, the motion must ordinarily be denied outright. Id. In this case, petitioner has not provided any indication that he has unsuccessfully attempted to obtain legal counsel on his own. Therefore, petitioner's request for court-appointed counsel is premature. Accordingly, I will deny petitioner's motion without prejudice.

## III. RULE FOUR SCREENING

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

-2-
Case 2:07-cv-00738-LA   Filed 10/04/07   Page 2 of 5   Document 5

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has exhausted available state remedies and set forth cognizable constitutional or federal law claims.

Petitioner filed a postconviction motion in the Milwaukee County Circuit Court seeking to withdraw his guilty plea. He appealed the order denying that motion to the Court of Appeals of Wisconsin and sought review in the Supreme Court of Wisconsin. That court denied review on June 12, 2007, after which petitioner filed his habeas petition in federal court. Thus, It appears from the face of the petition that petitioner has exhausted the available state remedies.

Petitioner claims that his guilty plea is invalid because it was not knowingly, voluntarily and intelligently made. He claims that the state circuit court judge failed to advise petitioner of the nature of the crime to which he was pleading, the elements of the crime, the potential sentence, and the fact that the judge was not bound by the plea agreement. A guilty plea that is not made knowingly, voluntarily and intelligently is invalid and unconstitutional. Henderson v. Morgan, 426 U.S. 637, 645 n. 13 (1976). Additionally, petitioner claims that the prosecutor violated the spirit of the plea agreement by mentioning crimes to the trial judge that the prosecutor promised not to pursue if the plea agreement was accepted. For a plea to be voluntary and thus constitutional, "[w]hen [it] rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). Thus, petitioner presents colorable constitutional issues and I will not dismiss his petition at this time.

**THEREFORE, IT IS ORDERED** that petitioner's motion to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion to appoint counsel is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that within thirty (30) days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have forty-five (45) days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have forty-five (45) days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have forty-five (45) days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have thirty (30) days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent Greg Grams and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 3rd day of October, 2007.

    s/Lynn Adelman
LYNN ADELMAN
District Judge