# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LUIS A. RAMIREZ,
        Petitioner,

v.                                                                                                             Case No. 07C0738

GREG GRAMS, Warden,
        Respondent.

## DECISION AND ORDER

On August 16, 2007, the petitioner, Luis A. Ramirez, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that the entry of his guilty plea was not voluntary, knowing and intelligent, and is therefore invalid. Respondent filed a motion for summary judgment, arguing that the petition is untimely. Petitioner argues that the petition is timely because he filed it within one year following the discovery of new facts and because the Seventh Circuit granted him leave to file the petition. Alternatively, he contends that I should equitably toll the one year limitations period because he did not know that he had a claim for relief until just before he filed his collateral attack in the state courts.

I will first address some preliminary issues prior to reaching the merits of respondent's motion. First, petitioner has asked for entry of a default judgment against respondent because of respondent's failure to file an answer in a timely manner. I will deny his request, as respondent filed a dispositive motion in lieu of an answer. While it is true that respondent made an error, based on a mistaken interpretation of the language in my October 4, 2007 Order, default judgment should only be used in extreme situations

"when a party wilfully disregards pending litigation." Sun v. Bd. of Trustees, 473 F.3d 799, 811 (7th Cir. 2007). In this case, respondent demonstrated an intent to participate in this case by filing a dispositive motion, and a default judgment therefore is not warranted. Second, while respondent titled the dispositive motion as a motion for summary judgment, it is in essence a motion to dismiss for untimeliness. Nothing is required to resolve the motion but the petition itself and the records of the state criminal proceedings and Seventh Circuit proceedings, of which I take judicial notice, see Opoka v. I.N.S., 94 F.3d 392, 394-95 (7th Cir. 1996), and which I may appropriately consider in deciding a motion to dismiss, General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080-81 (7th Cir. 1997). As such, I find petitioner's objection to respondent's failure to include proposed findings of fact pursuant to Civil Local Rule 56.2 (E.D. Wis.) unpersuasive; such a document would have no bearing on this case. I now turn to the merits of respondent's dispositive motion. The relevant facts are as follows.

On February 17, 1998, petitioner pled guilty to and was convicted of armed robbery, in violation of Wis. Stats. § 943.32(2). Petitioner was sentenced to serve forty years in prison. Thereafter, petitioner filed a notice of intent to seek post-conviction relief, but, according to his petition, never sought direct review of his conviction. Several years later, on March 31, 2006, petitioner filed a motion pursuant to Wis. stat. § 974.06 to withdraw his guilty plea, which was denied by the Milwaukee County Circuit Court on April 6, 2006. Petitioner appealed this denial unsuccessfully, and the Wisconsin Supreme Court denied review of the matter on June 19, 2007.

For persons in custody pursuant to the judgment of a state court, 28 U.S.C. § 2244(d)(1) imposes a one year period of limitation for filing federal habeas petitions.

Although exceptions exist, generally the limitation period runs from the date "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, the one year period is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2). Generally speaking, an application is "pending" during the state post-conviction process, including the subsequent timely filing of a notice of appeal to a higher state court; state processes end when the time to seek further review expires. Carey v. Saffold, 536 U.S. 214, 224 (2002). After the statutory time to appeal has expired, the federal limitations period is not tolled continually merely because the petitioner, at any time, may file an original petition in state court for collateral relief. Id.; see also Fernandez v. Sternes, 227 F.3d 977, 981(7th Cir. 2000) (noting that if a state allows a second collateral attack "the prospect of revival does not make a case 'pending' in the interim").

In the present case, petitioner was sentenced on March 13, 1998. Petitioner filed a notice of intent to pursue postconviction relief on March 20, 1998. The last transcript from the circuit court proceedings was filed on June 22, 1998. Petitioner had sixty days from the date on which the last transcript was filed to file a notice of appeal pursuant to Wis. stat. § 809.30(2)(h). Petitioner did not file that notice of appeal, and his time for doing so expired on August 21, 1998, thereby making his conviction and sentence final for purposes of 28 U.S.C. § 2244(d)(1)(A). More than seven years elapsed between that date and the date petitioner filed his postconviction motion, with the only activity in the case being a single motion pending between August 11 and August 13, 1999. Thus, petitioner

3

Case 2:07-cv-00738-LA   Filed 02/05/08   Page 3 of 5   Document 21

clearly filed his petition after the one year statute of limitations under § 2244(d)(1)(A) expired.

In response, petitioner offers three arguments. First, he argues that the Seventh Circuit granted him leave to file his untimely petition. This is inaccurate. While petitioner did seek leave from the Seventh Circuit to file his petition outside of the one year time limit, the court construed his request as seeking leave to file a second or successive petition, which it dismissed as unnecessary. See Ramirez v. Grams, Case Number 07-2629 (Order, July 27, 2007). Therefore, the Seventh Circuit never granted petitioner leave to file his untimely petition. Petitioner's second argument is that he did not know that he had a legal claim until 2006, and therefore his petition is timely under 28 U.S.C. § 2244(d)(1)(D). Petitioner's argument is unavailing. Section 2244(d)(1)(D) allows for a habeas petition within one year after discovery of a new factual predicate for a claim. In this case, petitioner is not claiming that he discovered the factual predicate for a new claim in 2006, but rather that he did not understand the legal significance of the facts surrounding his plea and sentencing until 2006. This argument has been explicitly rejected. Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000). Thus, § 2244(d)(1)(D) is inapplicable to petitioner's case. For similar reasons, petitioner's third argument, that equitable tolling should apply because he did not know he had a legal basis for a habeas claim, is not persuasive. Id. at 360.

Thus, because the petition was filed well outside the one year time limit for habeas petitions under section 2254, and petitioner has not offered any meritorious argument in favor of equitable tolling, I must dismiss his petition pursuant to 28 U.S.C. § 2244(d)(1)(A).

Therefore,

**IT IS ORDERED** that respondent's motion for summary judgment is **GRANTED** and this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 4 day of February, 2008.

/s  
LYNN ADELMAN  
District Judge