# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LUIS A. RAMIREZ,
        Petitioner,

v.                                                                                                  **Case No. 07C0738**

**GREG GRAMS, Warden,**
        Respondent.

## DECISION AND ORDER

On August 16, 2007, the petitioner, Luis A. Ramirez, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 4, 2008, I dismissed the petition as untimely, pursuant to 28 U.S.C. § 2244(d)(1). Before me now is petitioner's motion for reconsideration, filed on February 14, 2008.

Petitioner's motion was filed within 10 days of the entry of judgment; thus, I consider it under Federal Rule of Civil Procedure 59(e). Rule 59(e) allows the court to alter or amend a judgment if (1) the movant can demonstrate a manifest error of law or fact, (2) the movant presents newly discovered and previously unavailable evidence, (3) reconsideration is necessary to prevent manifest injustice, or (4) an intervening change in the law undermines the validity of the judgment. 11 Charles A. Wright et al., Federal Practice and Procedure § 2810.1, at 125-27 (1995); see also Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir.1996) ("Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures."). A Rule 59(e) motion may not be used to re-litigate old issues or to present evidence or argument that

could have been submitted previously. 11 Wright et al., supra, at 127-28.

Petitioner fails to meet the Rule 59(e) standard. He argues that he did not discover alleged errors in his criminal proceedings until he gained access to the relevant transcripts in 2006, that he could not have discovered the errors without his transcripts, that his petition is therefore timely under § 2244(d)(1)(D), and that my decision to dismiss his petition was thus based on factual error. This argument is unavailing. Regardless of when petitioner received the transcripts, he had actual knowledge of the facts surrounding his criminal proceedings because he was present at those proceedings. See Owens v. Boyd, 235 F.3d 356, 359-60 (7th Cir. 2000). That he did not understand that those facts constituted legal error until he had a chance to learn about the law and study his transcripts does not implicate § 2244(d)(1)(D), nor does it constitute grounds for equitable tolling. See id.

Therefore,

**IT IS ORDERED** that petitioner's motion for reconsideration is **DENIED**.

Dated at Milwaukee, Wisconsin this 2 day of April, 2008.

/s
LYNN ADELMAN
District Judge

2